AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

☑ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| In the Matter of the Search of )<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)* )<br>A BLACK APPLE iPHONE IDENTIFIED IN )<br>ATTACHMENT A, LOCATED AT 302 INNOVATION )<br>DRIVE, SUITE 300, FRANKLIN, TENNESSEE ) | Case No. 22-mj-2332 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the __Middle__ District of __Tennessee__
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A -- incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B -- incorporated by reference

**YOU ARE COMMANDED** to execute this warrant on or before __November 4, 2022__ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Hon. Jeffery S. Frensley__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __October 21, 2022 at 9:00 am__  _____
*Judge's signature*

City and state: __Nashville, Tennessee__  __The Honorable Jeffery S. Frensley, Magistrate Judge__
*Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

| **Certification** |
|---|
|       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date: _____<br><br>                                                                                              *Executing officer's signature*<br><br>                                                                                                *Printed name and title* |

# ATTACHMENT A

The property to be searched is the following electronic device: a black Apple iPhone, ATF Exhibit 216, which was seized from Donvaer JONES by the Chicago Police Department on June 12, 2022, at the time of his arrest, and taken into ATF custody on October 11, 2022 (referred to as the "**DEVICE**"). The **DEVICE** is currently in secure storage with the ATF at 302 Innovation Drive, Suite 300, Franklin, Tennessee, 37067.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

The search of the property described in Attachment A shall include all records and information that may constitute evidence of criminal violations of Title 18, United States Code, Sections 922(a)(5) (an unlicensed person transfer, sell, trade, give, transport, or deliver any firearm to any person who the transferor knows or has reasonable cause to believe does not reside in the State in which the transferor resides), 922(a)(6) (false statements in connection with the acquisition of firearms or ammunition), 922(a)(1)(A) (engaging in the business of dealing in firearms without a license), 924(o) (conspiracy to commit 924c offenses), 1956(h) (conspiracy to commit money laundering), and 371 (conspiracy), the "**Subject Offenses**", as it relates to the ongoing investigation. The following electronic data and material, as it relates to the violations listed above, shall include:

1. Any and all records and information relating to firearm customers or suppliers or transferors of firearms/ammunition and their identifying information;

2. Any and all records and information relating to the telephone numbers and direct connect numbers or identities assigned to the device;

3. Any and all records and information relating to the address book on the device, including, but not limited to, contact names, phones numbers, addresses, email information, and social media identifiers;

4. Any and all records and information relating to call logs, incoming and outgoing calls, missed calls, and direct connect history information;

5. All voice mail content;

6. All text messages, iMessages, and multimedia message, whether sent, received, or in draft form;

7. Any and all records and information relating to stored photographs and videos pertaining to firearms, ammunition, ammunition components and proceeds;

8. Any and all records and information relating to GPS location history;

9. Any and all records and information relating to internet search history;

10. Any and all records and information relating to types, amounts, and prices of firearms as well as dates, places, and amounts of specific transactions;

11. Any and all records and information relating to types, amounts, and prices of firearms transferred as well as dates, places, and amounts of specific transactions;

12. Any and all records and information related to the sources of firearms, including names, addresses, phone numbers, or any other identifying information;

13. Any and all records and information related to the sources of firearms/ammunition, including names, addresses, phone numbers, or any other identifying information;

14. Any and all records and information relating to the user's schedule or travel, including, but not limited to, airline, rental car, and/or hotel reservations, confirmation documentation, receipts, and payment information;

15. Any and all bank records, checks, credit card bills, account information, and other financial records;

16. Any and all records, information, photographs, or videos relating to firearms, ammunition and proceeds of or other illegal criminal activities;

17. Evidence of user attribution showing who used or owned the cellular telephone at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, browsing history,

and internet activity.

18. All vests, clothing, colors, patches, t-shirts, pins, stickers, rings, bandanas, accessories, and other memorabilia evidencing an association with the Gangster Disciples or Kill to Survive street gangs;

19. All vests, colors, patches, t-shirts, pins, stickers, rings, bandanas, accessories, and other memorabilia associated with rival gangs, including, but not limited to, the Black P. Stones or No Limit, which is a faction of the Black P. Stones;

20. All notes or minutes of meetings conducted by the Gangster Disciples or Kill to Survive street gangs, including any chapter(s) of these gangs, including without limitation, the minutes of meetings, President's meetings, National Officer meetings, Sergeant-at-Arms meetings, and Secretary/Treasurer meetings;

21. All telephone/e-mail lists, membership rosters, officer's lists, membership applications and other records identifying officers and other members of the Gangster Disciples or Kill to Survive street gangs;

22. All editions of the Gangster Disciples or Kill to Survive street gang's Constitution and records reflecting amendments to the Gangster Disciples or Kill to Survive street gang's Constitution, By-Laws, and Creeds;

23. All financial records, bank account records, bank statements, canceled checks, ATM records, and internal records of the Gangster Disciples or Kill to Survive street gangs reflecting activities in any bank accounts in whatever name held by or for the Gangster Disciples or Kill to Survive street gangs or of any cash funds held by the Gangster Disciples or Kill to Survive street gangs;

24. Books, records, receipts, notes, ledgers, and other papers relating to the

transportation, ordering, purchasing, manufacture, and distribution of controlled substances;

25. Books, records, receipts, bank statements and records, money drafts, letters of credit, money orders, cashier's checks, passbooks, bank checks, safe deposit box keys, wire transfers, and other items evidencing the obtaining, secreting, transfer, or concealment of assets, or evidencing the expenditure of money, or any financial asset, or any other financial evidence of illegal drug trafficking or firearms trafficking which would be useful to demonstrate the level of expenditures and income, including tax records;

26. Documents relating to the rental or ownership of storage units, including rental agreements, contractual agreements, ownership agreements, lease agreements, and receipts;

27. Items showing connections and contact between members of the Gangster Disciples or Kill to Survive street gangs, co-conspirators, suppliers, manufacturers, and buyers of controlled substances and firearms, including tablets or other Personal Data Assistants (PDAs) (including content), address books and notes, telephone records, correspondence, photographs, and videos;

28. Photographs, audio recordings, or video recordings relating to co-conspirators, assets, controlled substances, paraphernalia, firearms or related items evidencing firearm and drug possession and/or trafficking;

29. Records showing any premises or vehicles occupied by or used by the members of the Gangster Disciples or Kill to Survive street gangs, or other co-conspirators;

30. United States Currency collectively totaling more than $2,000;

31. Pictures or descriptions of firearms, firearms parts, firearms accessories, ammunition, ammunition components, body armor, and other dangerous weapons,

including brass knuckles, knives, machetes, and tasers;

32. Any cellular telephones and any SIM cards, SD cards, and memory cards compatible with cellular telephones that were used as a means to facilitate the commission of, or that contain evidence of, criminal violations relating to Title 18, United States Code, Sections 922(g) and 924 (Firearm-related Offenses), 1201 (Kidnapping), 1512 (Witness Tampering), 1951 (Hobbs Act Robbery), 1952 (Interstate Travel in Aid of Racketeering), 1956 (Money Laundering), 1959 (Violent Crimes in aid of Racketeering Activity), and 1962 (RICO and RICO Conspiracy), and Title 21, United States Code, Sections 841 (Narcotics-related Offenses), and 846 (Conspiracy to engage in Narcotics-related Offenses).

33. For any cellular telephones, and any SIM cards, SD cards, and memory cards compatible with cellular telephones whose seizure is otherwise authorized by this warrant:

a) Any and all records and information relating to the telephone numbers and direct connect numbers or identities assigned to the device;

b) Any and all records and information relating to the address book on the device, including, but not limited to, contact names, phones numbers, addresses, email information, and social media identifiers;

c) Any and all records and information relating to call logs, incoming and outgoing calls, missed calls, and direct connect history information;

d) All voice mail content;

e) All text messages, iMessages, and multimedia message, whether sent, received, or in draft form;

f) Any and all records and information relating to stored photographs and videos;

g) Any and all records and information relating to GPS location history;

h) Any and all records and information relating to internet search history;

i) Any and all records and information relating to types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

j) Any and all records and information related to the sources and customers of drugs, including names, addresses, phone numbers, or any other identifying information;

k) Any and all records and information relating to the user's schedule or travel, including, but not limited to, airline, rental car, and/or hotel reservations, confirmation documentation, receipts, and payment information;

l) Any and all bank records, checks, credit card bills, account information, and other financial records;

m) Any and all records, information, photographs, or videos relating to firearms;

n) Any and all records, information, photographs, or videos relating to violent acts or assaults;

o) Any and all records, information, photographs, or videos relating to narcotics trafficking or proceeds from narcotics trafficking or other illegal criminal activities;

p) Any and all photographs, or videos relating to the Gangster Disciples or Kill to Survive street gangs or its members or associates;

q) Any and all records and information relating to the Gangster Disciples or Kill to Survive street gangs, including, but not limited to, documentation relating to club rules, club hierarchy, member duties, meetings, locations of meetings, dues owed, dues paid, outstanding debts, membership lists, membership contact information, prospective members' contact information, and member and prospective member information,

background checks, and documentation; and

r) Evidence of user attribution showing who used or owned the cellular telephone at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.